UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

RAMON CRESPO,

Defendant.

18-CR-06108 (MAV)

**DECISION AND ORDER**

On December 18, 2018, the Honorable David G. Larimer of the United States District Court for the Western District of New York sentenced Defendant Ramon Crespo to a below-guidelines, aggregate prison sentence of 96 months followed by five years of supervised release for his conviction by plea to both counts of an Information charging violations of 18 U.S.C. § 1951(a) (Hobbs Act Robbery) and 18 U.S.C. § 924(c)(1)(A)(ii) (brandishing a firearm during and in relation to a crime of violence). ECF No. 23. Defendant began his term of supervised release on February 21, 2025, and is expected to complete his term on February 20, 2030.

This matter was transferred to the undersigned on April 24, 2025. ECF No. 41. On August 14, 2026, Defendant filed a *pro se* motion for early termination of his supervised release. ECF No. 50. The government filed an opposition on August 27, 2026, agreeing with the recommendation of the US Probation Office to deny Defendant's motion for early termination due to the serious nature of the underlying conviction, Defendant's noncompliance with conditions of supervised release, and the

lengthy period of supervised release not yet completed. ECF No. 52. The motion is presently before the Court for decision.

## LEGAL STANDARD

The Court's authority for early termination of a defendant's supervised release is provided by 18 U.S.C. § 3583(e)(1), which states:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. . . .

The relevant Section 3553(a) factors that the Court must consider include, *inter alia*, the nature and circumstances of the offense; the need for the sentence imposed to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. District courts are not required to make specific findings of fact with respect to each of these factors; rather, "the district court need only provide some indication of the rationale for its ruling in order to allow for meaningful appellate review." *United States v. Cottom*, No. 23-7527, 2024 WL 4509163, at *2 (2d Cir. Oct. 17, 2024) (summary order) (quotation and brackets omitted).

"Significantly, early termination of supervised release is not warranted as a matter of course," *United States v. Cohen,* 724 F. Supp. 3d 251, 256 (S.D.N.Y. 2024) (quotation omitted), and "is only 'occasionally' justified due to 'changed circumstances,' such as 'exceptionally good behavior by the defendant,' that 'render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a),'" *id.* (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). "[A]lthough exceptionally good behavior or extraordinary circumstances may justify early termination of supervised release, it is not necessarily a prerequisite to early termination." *United States v. Stacharczyk*, 719 F. Supp. 3d 243, 246 n.3 (W.D.N.Y. 2024); *see United States v. Melendez-Lebron,* No. 14-cr-201, 2024 WL 4297021, at *1 (W.D.N.Y. Sept. 26, 2024).

"The burden of proof for establishing entitlement to early termination of supervised release lies with the defendant." *United States v. Weiss,* No. 21-cr-00457, 2022 WL 3214914, at *2 (S.D.N.Y. Aug. 9, 2022) (quotation and brackets omitted).

## DISCUSSION

Defendant requests early termination of his supervised release "considering his conduct [and] the interest of justice." ECF No. 50 at 1.

Defendant's supervision began on February 21, 2025. He tested positive for cocaine on February 28, March 28, April 29, May 6, May 30, and June 9, 2025, and tested positive for cocaine and alcohol on March 31, 2025. *See* ECF Nos. 42 at 1–2; 43 at 1–2. The conditions of Defendant's supervised release prohibit alcohol use and the unlawful use of a controlled substance. ECF No. 23 at 3, 5. Defendant admitted to

cocaine use and agreed to modify his conditions to include substance abuse treatment on April 25, 2025. ECF No. 42 at 1–2. The government filed a violation petition on June 30, 2025. ECF No. 44. Defendant successfully engaged in inpatient treatment and the Court dismissed the violation petition without prejudice on November 25, 2025. ECF No. 49.

After due consideration of Defendant's request, in light of all of the relevant Section 3553(a) factors, the Court finds that early termination is not warranted at this time.

"[F]ull compliance with the terms of supervised release is what is expected of a person." *United States v. Berrios,* No. 95 Cr. 84, 2010 WL 1010022, at *2 (S.D.N.Y. Mar. 16, 2010) (quotation omitted); *see also United States v. Rusin,* 105 F. Supp. 3d 291, 292 (S.D.N.Y. Mar. 25, 2015) ("Early termination is not [even] warranted where a defendant did nothing more than that which he was required to do by law."). Here, Defendant has not been compliant with the terms of his supervised release, as he used cocaine and alcohol. While the Court recognizes the progress Defendant has since made in substance abuse treatment, continued supervision is necessary to ensure ongoing compliance. Of note, the Probation Office reports that while Defendant has tested negative for illegal substances since he completed inpatient treatment, he failed to report for scheduled drug tests in April and May 2026.

Moreover, continuation of Defendant's supervised release is necessary to meet the objectives of sentencing, including specific deterrence of future criminality, public protection, and rehabilitation. *See* 18 U.S.C. § 3553(a); *Cottom,* 2024 WL 4509163, at

*2; *see also* 18 U.S.C. § 3583(e)(1). In particular, the serious nature of Defendant's offense—robbing a Dunkin' Donuts at gunpoint, threatening an employee, and stealing $200—weighs against early termination. *See* 18 U.S.C. § 3553(a)(1). The need to afford adequate deterrence to criminal conduct, to protect the public from future criminal conduct by Defendant, and to promote Defendant's rehabilitation also weigh against early termination, particularly given that Defendant attributed his criminal conduct to substance abuse (*see* ECF No. 25 at 7-10), which he continues to be tested for.

The Court has considered the other relevant Section 3553(a) factors as well and concludes that granting Defendant's motion to terminate the remainder of his supervised release would not be in the interest of justice.

In sum, after consideration of the relevant factors set forth in Section 3553(a), Defendant's conduct, and the interests of justice, early termination of supervised release is not warranted. *See* 18 U.S.C. § 3583(e)(1).

## CONCLUSION

Defendant's motion for early termination of supervised release, ECF No. 50, is hereby DENIED without prejudice to renewing the motion in the future.

The Court has mailed a copy of the government's opposition, ECF No. 52, to Defendant with a copy of this Decision and Order.

SO ORDERED.

DATED: September 4, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge